RCK:kim complaint

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil No.**_____ |
| | * | |
| **ALL OF THE FUNDS AND PROPERTY** | * | |
| **IN THREE ACCOUNTS AT BB&T** | * | |
| **AND PNC BANK (SUNG YUL KIM),** | * | |
| **Defendant.** | * | |
| | * | |

...ooOoo...

### VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, through undersigned counsel, seeking forfeiture of the defendant funds and property contained in Branch Banking and Trust account number 5151000039, in PNC Bank money market account number 8021885107, and in PNC Bank checking account number 8022829238, hereinafter referred to as "defendant property," respectfully presents to the Court the following:

1.   This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. sections 1345 and 1355, and 18 U.S.C. sections 981(a)(1)(A) and 983(a)(3).

2.   Venue is proper in this Court pursuant to 28 U.S.C. section 1395(b).

3.   The defendant is funds and property contained in three accounts: Branch Banking and Trust interest checking account number 5151000039, PNC Bank money market account number 8021885107, and

PNC Bank checking account number 8022829238; the account holder of the Branch Banking and Trust account is Suns Enterprises Limited; the account holder of the two PNC Bank accounts is Sung Yul Kim.

4.    The defendant property was seized pursuant to seizure warrants on February 26 and 27, 2004, by duly authorized agents of the U.S. Department of Homeland Security.

5.    Once seized, the defendant property was placed in the custody of the U.S. Department of Homeland Security, Customs and Border Protection Service in the District of Maryland, where it remains.

6.    The defendant property was involved in, or is traceable to, money laundering transactions of the proceeds of importing and harboring of certain aliens, in violation of 18 U.S.C. sections 1956 and 1957, and is, therefore, forfeitable to the United States pursuant to 18 U.S.C. section 981(a)(1)(A).

7.    Such forfeiture is based upon, but not limited to, the evidence outlined in the attached Affidavits of William H. Ramey, Senior Special Agent, Department of Homeland Security, Immigration and Customs Enforcement; and Shelley W. Clemens, Maryland State Police Sergeant and Task Force Officer, Department of Homeland Security, Immigration and Customs Enforcement, which is incorporated herein by reference.

**WHEREFORE,** the plaintiff prays as follows:

1.    That any persons having an interest in the above-

2

described defendant property be cited to appear herein and answer the Complaint;

2.    That a Warrant of Arrest <u>in rem</u> issue to the United States Customs and Border Protection Service and the Department of Homeland Security commanding them to arrest the defendant property;

3.    That Judgment of Forfeiture be decreed against the defendant property;

4.    That upon Final Decree of Forfeiture, the United States Customs and Border Protection Service and the Department of Homeland Security dispose of the defendant property according to law; and

5.    That the plaintiff have such other and further relief as the case may require.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

July 15, 2004
Date

Richard C. Kay
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
Telephone: (410) 209-4850
Bar No. 06766

## **VERIFICATION**

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. section 1746, that the foregoing Complaint for Forfeiture in rem is based on reports and information furnished to me by the United States Customs and Border Protection Service, United States Immigration and Customs Enforcement, and the Department of Homeland Security, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Richard C. Kay
Assistant United States Attorney

4

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

In the Matter of the Seizure of
(Address or brief description of property to be seized)

**All funds and property in PNC Bank money market account 8021885107.**

## SEIZURE WARRANT
CASE NUMBER:

04- 801 PWG

TO:William H. Ramey, U.S. Department of Homeland Security, Immigration and Customs Enforcement Senior Special Agent, and Shelley W. Clemens, Maryland State Police Sergeant and U.S. DHS/ICE Task Force Officer and any Authorized Officer of the United States:

An Affidavit having been made before me by William H. Ramey, U.S. Department of Homeland Security, Immigration and Customs Enforcement Senior Special Agent, and Shelley W. Clemens, Maryland State Police Sergeant and U.S. DHS/ICE Task Force Officer, who have reason to believe that in New Jersey there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, money market account number 8021885107 in the name of Sung Y. Kim.

I am satisfied that the affidavit establishes probable cause to believe that the property so described is subject to seizure and forfeiture and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY AUTHORIZED to seize within ten (10) days, the property specified, serving this warrant and making the seizure in the daytime - 6:00 AM to 10:00 PM - leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to the Honorable Paul W. Grimm, U.S. Magistrate Judge, as required by law.

Issued February 27, 2004,   at Baltimore, Maryland, by
Date Issued

Paul W. Grimm
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

In the Matter of the Seizure of
(address or brief description of property to be seized)

**All funds and property in PNC Bank money market account 8021885107.**

# APPLICATION AND
# AFFIDAVIT FOR SEIZURE WARRANT
CASE NUMBER: ▶ **04- 801 PWG**

William H. Ramey, U.S. Department of Homeland Security, Immigration and Customs Enforcement Senior Special Agent, and Shelley W. Clemens, Maryland State Police Sergeant and U.S. DHS/ICE Task Force Officer, being duly sworn depose and say:

We have reason to believe that there is now certain property in New Jersey, which is the subject of forfeiture to the United States, namely (describe property to be seized):

```
All of the funds and property in PNC Bank, 264-266 Road Avenue,
   Palisades Park, New Jersey 07650, money market account number
              8021885107 in the name of Sung Y. Kim,
```

which is (state one or more bases for seizure under the U.S. Code)

forfeitable pursuant to 18 U.S.C. §981(a)(1)(A) because it was involved in, and is traceable to money laundering  transactions in violation of 18 U.S.C. §1956.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are set forth in the attached Affidavit.

William H. Ramey, Senior Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Shelley W. Clemens
Maryland State Police Sergeant and
U.S. DHS/ICE Task Force Officer

Sworn to before me, and subscribed in my presence on (Date) February 27, 2004, at Baltimore, Maryland.

Paul W. Grimm
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

In the Matter of the Seizure of
(Address or brief description of property to be seized)

**All funds and property in
PNC Bank interest checking
account 8022829238.**

**SEIZURE WARRANT**
CASE NUMBER:

**04- 802PWG**

TO: <u>William H. Ramey, U.S. Department of Homeland Security, Immigration and Customs Enforcement Senior Special Agent, and Shelley W. Clemens, Maryland State Police Sergeant and U.S. DHS/ICE Task Force Officer</u> and any Authorized Officer of the United States:

An Affidavit having been made before me by <u>William H. Ramey, U.S. Department of Homeland Security, Immigration and Customs Enforcement Senior Special Agent, and Shelley W. Clemens, Maryland State Police Sergeant and U.S. DHS/ICE Task Force Officer</u>, who have reason to believe that in New Jersey there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

**All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, interest checking account number 8022829238 in the name of Sung Y. Kim.**

I am satisfied that the affidavit establishes probable cause to believe that the property so described is subject to seizure and forfeiture and that grounds exist for the issuance of this seizure warrant.

**YOU ARE HEREBY AUTHORIZED** to seize within ten (10) days, the property specified, serving this warrant and making the seizure in the daytime - 6:00 AM to 10:00 PM - leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to the Honorable Paul W. Grimm, U.S. Magistrate Judge, as required by law.

Issued <u>February 27, 2004,</u> at Baltimore, Maryland, by
Date Issued

Paul W. Grimm
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

In the Matter of the Seizure of
(address or brief description of property to be seized)

**All funds and property in
PNC Bank interest checking
account 8022829238.**

**APPLICATION AND
AFFIDAVIT FOR SEIZURE WARRANT**
CASE NUMBER: 04-802 PWG

William H. Ramey, U.S. Department of Homeland Security, Immigration and Customs Enforcement Senior Special Agent, and Shelley W. Clemens, Maryland State Police Sergeant and U.S. DHS/ICE Task Force Officer, being duly sworn depose and say:

We have reason to believe that there is now certain property in New Jersey, which is the subject of forfeiture to the United States, namely (describe property to be seized):

**All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, interest checking account number 8022829238 in the name of Sung Y. Kim,**

which is (state one or more bases for seizure under the U.S. Code)

forfeitable pursuant to 18 U.S.C. §981(a)(1)(A) because it was involved in, and is traceable to money laundering transactions in violation of 18 U.S.C. §1956.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are set forth in the attached Affidavit.

William H. Ramey, Senior Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Shelley W. Clemens
Maryland State Police Sergeant and
U.S. DHS/ICE Task Force Officer

Sworn to before me, and subscribed in my presence on (Date) February 27, 2004, at Baltimore, Maryland.

Paul W. Grimm
United States Magistrate Judge

04- 801 PWG *to* 04- 804 PWG



## Affidavit in Support of Seizure Warrants

### I.   Purpose of the Affidavit

This Affidavit is submitted in support of applications for seizure warrants pursuant to 18 U.S.C. section 981(a)(1)(A) for the following property:

A.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, money market account number 8021885107 in the name of Sung Y. Kim.

B.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, interest checking account number 8022829238 in the name of Sung Y. Kim.

C.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, interest checking account number 8023816746 in the name of Eun Sook Lee and Sung Y. Kim.

D.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, savings account number 8023819664 in the name of Eun Sook Lee and Sung Y. Kim.

Your affiants submit that there is probable cause to believe that the contents of these accounts were involved in transactions or attempted transactions in violation of 18 U.S.C. section 1956(a)(1)(B)(i), and, therefore, should be forfeited to the United States of America pursuant to 18 U.S.C. §981(a)(1)(A).

### II.  Affiants

Your Affiants are Senior Special Agent William H. Ramey and Sergeant Shelley W. Clemens.  Our background and training is outlined in the attached affidavit dated February 25, 2004, which is incorporated herein by reference.

04- 801PWG   to   04- 804PWG

### III. **Probable Cause**

The information set forth below is based upon our review of records and upon information provided to us by other sworn law enforcement officers participating in the investigation as indicated.

On February 25, 2004, the Honorable Paul W. Grimm, United States Magistrate Judge for the District of Maryland, issued a seizure warrant for Sung Yul KIM's business account at the Branch Banking and Trust Bank, located in Elkridge, Maryland based on the affidavit that is annexed hereto. We submit that the attached affidavit sets forth probable cause to believe that Sung Yul Kim has engaged in the business of importing aliens for immoral purposes such as prostitution, which is a violation of 8 U.S.C. section 1328, and that KIM has also participated in the bringing in and harboring of certain aliens, which is a violation of 8 U.S.C. section 1324(a)(1)(A)(iii). Both of these offenses are "specified unlawful activity" according to 18 U.S.C. section 1956(c)(7)(A) and section 1961(1)(E). Consequently, the movement of the proceeds of those offenses in a manner to conceal the nature and source of the proceeds constitutes money laundering in violation of 18 U.S.C. section 1956(a)(1)(B)(i).

Judge Grimm issued the seizure warrant for the Branch Banking and Trust account 5151000039 ("the BB&T account"), the business account of KIM's business, the Oriental Spa, based on a finding of probable cause to believe that the account was involved in those money laundering transactions.

2

04- 801 PWG to  04 PWG



We reviewed bank records pertaining to the BB&T account and discovered numerous payroll-type checks, written in reoccurring amounts, to KIM and two of his family members as follows: KIM $2,463.79; Woo Jin KIM (his wife) $1,334.79; and Hyun D. KIM (his son) $1,569.62. One check dated June 31, 2003, indicates a payroll payment to KIM in the amount of $3,000.

Instead of cashing these checks, they were deposited into an interest-bearing checking account, number 8018773921 in the name of Sung Y. KIM at PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650. We also examined PNC Bank records pertaining to this account, and those records show that on March 18, 2003, three of these BB&T payroll checks were deposited along with checks from other sources. We know based on our training and experience that people engaged in criminal activity commonly attempt to conceal the source of their illegal proceeds by moving funds through different types of accounts and by commingling illegal proceeds with funds from other sources.

Based on training and experience, we know that courts have held that there is no requirement that a substantial portion of the commingled funds be derived from the criminal activity, so long as there is some evidence that some of the commingled funds were from criminal activity. United States v. Ward, 197 f.3d 1076 (11th Cir. 1999). The Fourth Circuit has also stated that when funds are drawn from a commingled account, the government is entitled to a presumption that the transaction involves criminally derived funds. United States v. Wilkinson, 137 F.3d 214 (4th Cir. 1998).

3

04- 801 PWG   to 04- 804 PWG 

The PNC records also show that KIM closed that particular PNC Bank account on or about May 17, 2003, and transferred the contents to a newly opened money market account at the same bank, **account number 8021885107** in the name of Sung Y. KIM.  Two days later, KIM opened another interest checking account at the same PNC Bank, **account number 8022829238**, in the name Sung Y. KIM, with a deposit of 4,891.37.

We examined PNC Bank records for these two accounts and discovered that KIM continued to deposit the BB&T payroll checks into checking account number 8022829238.  For example, on July 12, 2003, KIM deposited two BB&T checking account payroll checks in the amounts of $1,334.79 and $2,463.79, and commingled these with $1,400 in cash and $14,000 in travelers checks.  On August 21, 2003, KIM deposited two BB&T checking account payroll checks in the amounts of $1,334.79 and $3,000, and commingled these with $5,400 in cash.  On September 19, 2003, KIM deposited four BB&T checking account payroll checks and commingled these with $6,000.00 in cash.

On February 26, 2004, we participated in the execution of a Maryland State search warrant on the premises of the Oriental SPA at 6325 Washington Boulevard, Suites L&M, Elkridge, Maryland.  Yan CAILIAN and Eun Sook LEE, who received fake identification as described in the attached affidavit, were arrested for Immigration violations.  In addition, Your Affiant Ramey interviewed an ORIENTAL SPA customer who admitted paying $80 for sex acts at that location.

During the execution of the search warrant, records pertaining

4

04- 801 PWG      to      04- 804 PWG

to two more PNC Bank accounts were found: **interest checking account number 8023816746**, and **savings account number 8023819664**. Both accounts are in the name of Eun Sook LEE and Sung Y KIM. These statements indicate that a total of $16,500 in cash deposits were made to both accounts in January.

Based on training and experience, we know persons who open a bank account are required to provide a valid Social Security Account Number (SSAN). As is set forth in the attached affidavit, Howard County Lieutenant Lesser provided a false SSAN to KIM for Eun Sook LEE, and on November 14, 2003, KIM asked Lessner if he could use the number to open bank accounts. We know, based on training and experience, that it is a common method of concealing the source of criminal proceeds to open bank accounts using false identification information.

Based on the foregoing, we submit that there is probable cause to believe that KIM has used the above-described accounts to launder the proceeds of criminal activity.

Based on our training and experience, we know that 18 U.S.C. section 981(b)(3) provides that "a seizure warrant may be issued ... by a judicial officer in any district in which a forfeiture action against the property may be filed ... and may be executed in any district in which the property is found...."

## IV.  Conclusion

Based on the foregoing, we submit that there is probable cause to believe that the following property was involved in violations of 18 U.S.C. section 1956, and therefore, should be forfeited to

5

04- 801 PWG       to   04- 804 PWG

the United States of America pursuant to 18 U.S.C. section 981(a)(1)(A):

A.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, money market account number 8021885107 in the name of Sung Y. Kim.

B.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, interest checking account number 8022829238 in the name of Sung Y. Kim.

C.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, interest checking account number 8023816746 in the name of Eun Sook Lee and Sung Y. Kim.

D.   All of the funds and property in PNC Bank, 264-266 Road Avenue, Palisades Park, New Jersey 07650, savings account number 8023819664 in the name of Eun Sook Lee and Sung Y. Kim.

William H. Ramey
Senior Special Agent
Department of Homeland Security
Immigration and Customs Enforcement

Shelley W. Clemens
Maryland State Police Sergeant and
Task Force Officer
Department of Homeland Security
Immigration and Customs Enforcement

Subscribed and sworn before me on February 27, 2004, in Baltimore, Maryland.

Paul W. Grimm
United States Magistrate Judge

6

04-801PWG    to    04-804PWG

04-783PWG

## Affidavit in Support of Seizure Warrant

### I.   Purpose of the Affidavit

This Affidavit is submitted in support of a seizure warrant pursuant to 18 U.S.C. section 981(a)(1)(A) for the following property:

> **All of the funds and property in Branch Banking and Trust Company (BB&T), 7290 Montgomery Road, Elkridge, Maryland 21075, account number 5151000039 in the name of SUNS ENTERPRISES LIMITED.**

Your affiants submit that there is probable cause to believe that the contents of the account were involved in a transaction or attempted transaction in violation of 18 U.S.C. section 1956(a)(1)(B)(i), and, therefore, should be forfeited to the United States of America pursuant to 18 U.S.C. §981(a)(1)(A).

### II.  Affiants

(a)   Your Affiant, Senior Special Agent William H. Ramey, has been a sworn federal officer with the United States Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE), formerly the Department of Treasury, United States Customs Service (USCS), Office of Investigations, for approximately 29 years. During Your Affiant Ramey's tenure with the USCS, he has been responsible for the investigation of a wide range of criminal violations of Federal Law while assigned to both domestic and foreign offices. Your Affiant Ramey's experience involves the investigation of violations involving, but not limited to, smuggling, narcotics, strategic, pornography and money laundering. As a result, Your Affiant Ramey has authored numerous affidavits

1

establishing probable cause leading to the issuance of search and arrest warrants and has participated in the execution of same.

In addition to the aforementioned experience, prior to his current assignment, Your Affiant Ramey was assigned to the Office of Internal Affairs (USCS) for approximately four years.   During this assignment, Your Affiant Ramey investigated public corruption and serious employee misconduct including, but not limited to, bribery, theft, mis-use of position and/or government property and other violations committed by both employees and non-employees. Your Affiant Ramey has authored numerous affidavits establishing probable cause leading to the issuance of search and arrest warrants and has participated in the execution of same.

(b)   Your co-affiant, <u>Sergeant Shelley W. Clemens</u>, has been a duly sworn member of the Maryland State Police for twenty-four years.   During eighteen of those years, Your Affiant Clemens has been assigned as a criminal investigator.   During that time Your Affiant Clemens has written and participated in numerous search and seizure warrants involving controlled dangerous substances, property crimes, environmental crimes, sex crimes, financial crimes, and white-collar fraud.   Since November 2001, Your Affiant Clemens has been assigned as a Task Force Officer to the DHS/ICE, Money Laundering Unit.   During this time, Your Affiant Clemens has been responsible for enforcing criminal and civil violations of the Money Laundering Control Act as found in Title 18, United States Code.

2

As an investigator, Your Affiant Clemens has received numerous training classes to include:   over 150 hours of instruction in financial fraud schemes, banking systems, money laundering, financial investigative techniques and conspiracy; plus, basic and advanced criminal investigation schools, advanced white collar crime investigative techniques, basic drug investigation, warrants and affidavit preparation, interdiction & hidden compartments, and constitutional law.

(c)   As a result of the aforementioned investigations, your affiants have examined financial documents relating to hidden assets of criminals and have identified, located, and seized assets derived from these illegal financial activities.   Predicated on knowledge, training, experience and participation in investigations, your affiants know the following:

That when individuals involved in criminal activities accumulate large amounts of proceeds, they attempt to legitimize the money through investments in securities, stocks, bonds, mutual funds, interest bearing savings and checking accounts, letters of credit, money drafts, brokerage houses, real estate, shell corporations, business fronts and luxury vehicles;

That when individuals who are involved in criminal activities learn of a criminal investigation into their illegal activity, they attempt to conceal, liquidate, or transfer their moveable assets, especially vehicles and bank accounts, in order to prevent law enforcement authorities from seizing and forfeiting these assets.

3

04- 801 PWG   *to*   04- 783 PWG



### III. <u>Probable Cause</u>

The information set forth below is based upon our review of records and upon information provided to us by other sworn law enforcement officers participating in the investigation.

In October 2003, Your Affiants met with investigators from the State of Maryland, State Prosecutor's Office, regarding an active investigation of Sung Yul KIM, doing business as (d.b.a.), SUNS ENTERPRISES LIMITED and ORIENTAL SPA, 6325 Washington Boulevard, Suites L&M, Elkridge, Maryland 21075.  Special Agent John Poliks told Your Affiants that his investigation has established that Sung Yul KIM operates SUNS ENTERPRISES LIMITED and ORIENTAL SPA, and that KIM was conducting a prostitution operation through a massage business known as the ORIENTAL SPA.  SA Poliks further told Your Affiants that KIM employs Asian females who are not properly trained, licensed, or issued legitimate massage/therapist permits and most often are illegal aliens.  As a result, KIM has paid bribes consisting of cash and other items of value to a cooperating State of Maryland inspector and two cooperating Howard County police officers for protection, issuance of non-valid Massage Therapist Permits, and other activities pursuant to their official duties.  In particular, KIM has paid co-operating Howard County Police Lieutenant Keith Lessner over $4,000 in cash and other items of value.

On November 4, 2003, during a meeting with Lt. Lessner, KIM give Lt. Lessner $1,000 in return for Lt. Lessner issuing some type of massage therapist identification card/permit for two of his

4

ORIENTAL SPA employees.  As an example of the type of document requested, KIM gave Lt. Lessner a copy of a Fort Lee, New Jersey, Massage Therapist Permit, bearing his picture and identifying information and bearing a signature identified as the Chief of Police.  KIM requested this type of permit for Eun Sook LEE and Gi Young YOU.  KIM then gave Lt. Lessner photographs, and identifying information for the two Asian females.

Lt. Lessner asked for the Social Security Account Numbers (SSAN) and KIM told Lt. Lessner the females did not have SSANs.  As SSANs are a line item on the Massage Therapists Permits requested by KIM, Lt. Lessner made up SSANs and typed that information on the appropriate section of the permits.

Your Affiant Ramey has queried all available DHS/ICE and Department of Homeland Security, Customs and Border Protection (DHS/CBP), formerly the Department of Justice, Immigration and Naturalization Service, information and could not establish any record of legal admittance into the United States for Eun Sook LEE or Gi Young YOU.

On November 14, 2003, Lt. Lessner met with KIM and gave him Eun Sook LEE and Gi YOUNG YOU's Massage Therapists Permits, which he created based on the information and photographs provided by KIM.

KIM then asked Lt. Lessner to obtain a similar identification card for Yan CAILIAN, another employee of the ORIENTAL SPA, and provided Lt. Lesser with information and documents.

Shortly after this meeting, KIM telephoned Lt. Lessner and

asked him if his manager could use the SSANs on Eun Sook LEE and Gi Young YOU's Massage Therapists Permits to open bank accounts. In response, Lt. Lessner advised KIM that the SSANs were not registered with the Social Security Administration.

Your Affiant Ramey has reviewed a photocopy of Yan CAILIAN's passport and could not find any DHS/CBP entry(s) stamp(s) reflecting legal admittance. Yan CAILIAN's passport did reflect a Visa issued at the Embassy of Mexico, Pekin (sic), China, on April 16, 1999, authorizing a 15 day stay in Mexico. Your Affiant Ramey has also queried all available DHS/ICE and CBP information and could not establish any record of legal admittance into the United States for Yan CAILIAN.

On November 24, 2003, Lt. Lessner again met with KIM who gave him $1,500.00. KIM told Lt. Lessner that he (KIM) procures his women (employees) from New York by simply placing a telephone call. KIM further told Lt. Lessner that Yan CAILIAN, referred to by KIM as the Chinese girl, was an illegal alien who "ran across" the border from Mexico.

Because of KIM's prior interest in using SSANs to open bank accounts, Lt. Lessner told KIM he had a contact with the Social Security Administration who could provide legitimate SSANs. KIM expressed interest in purchasing SSANs from that alleged source.

On December 3, 2003, Lt. Lessner met with KIM and was again told that Yan CAILIAN was an illegal alien and asked if he (Lt. Lessner), could help in securing her a "green card," a Permanent Resident Identification Card, issued by the DHS/CBP. KIM further

6

04-801PWG   #   04-804PWG

4   783 PWG



told Lt. Lessner he had many girls and was interested in purchasing immigration documents for them. KIM was agreeable when Lt. Lessner told him that his source in DHS/CBP would handle up to twenty (documents) a month.

KIM admitted to Lt. Lessner that his female employees provide acts of prostitution at the ORIENTAL SPA. KIM also told Lt. Lessner he wanted him to harass other massage spas in Howard County, Maryland, specifically LILLY'S and the RAINBOW SPA, so he could purchase them at a reduced price and take on Lt. Lessner as a partner. KIM further said LILLY's and RAINBOW SPA engage in prostitution.

Your Affiant Ramey has spoken with an attorney with the State of Maryland, State Prosecutor's Office, and has been advised that any type of sexual contact for payment is considered an act of prostitution under the State of Maryland Criminal Articles.

On December 10, 2003, during a telephone conversation with Lt. Lessner, KIM inquired about the price of "green cards," and during a subsequent meeting on December 15, 2003, KIM told Lt. Lessner he would pay $20,000 per "green card." KIM also told Lt. Lessner the price for a "green card" in New York was $25,000 to $30,000 each. In response, Lt. Lessner told KIM the "green cards" supplied through his source would appear to be legitimate although issued to illegal aliens.

On December 24, 2003, during a meeting with Lt. Lessner, KIM asked Lt. Lessner how much money he needed to become his (KIM's) partner in the RAINBOW SPA. KIM then told Lt. Lessner he would pay

7

04- 801 PWG to 04- 804 PWG

04- 783 PWG

him $10,000 a month.

On January 26, 2004, during a meeting with Lt. Lessner, KIM again brought up the subject of obtaining "green cards" stating that he wanted twenty (20) and would pay $15,000 per card (a total of $300,000).

On February 11, 2004, KIM was indicted in the State of Maryland, County of Howard, on three counts of bribery.

Your Affiant Ramey has queried the National Crime and Information Center revealing the following arrests of KIM:

1986 Newark, New Jersey:   Aggravated Assault and Possession of Weapon

1995: Edgewater, New Jersey: Criminal Restraint, Sexual Contact, Sexual Assault and Aggravated Sexual Assault

1996:   Fort Lee, New Jersey:   Criminal Restraint, Servitude, Sexual Assault and Aggravated Sexual Assault

Your Affiant Ramey has reviewed Branch Bank and Trust Company Bank (BB&T) documentation relating to account number 5151000039, which is held at Branch Banking and Trust Company Bank (BB&T), 7290 Montgomery Road, Elkridge, Maryland 21075.   This documentation indicates that KIM opened this account on January 26, 2001, as a business account in the name of SUN ENTERPRISES LIMITED, 6325 Washington Boulevard, Suites L&M, Elkridge, Maryland 21075 and provided his SSAN (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) and a New Jersey Driver's License, number K44087278806382, as identification.   On October 17, 2002, an additional signature was added to account 5151000039, with SSAN 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 and New Jersey Driver's License number K44087887153612

8

listed as identification. Both list an address of 1512 Palisade

Avenue 3A, Fort Lee, New Jersey, and a (Maryland) work telephone

number of (410) 796-0039, which is the telephone number for the

ORIENTAL SPA.

Your Affiant Ramey has checked with New Jersey Department of

Motor Vehicles and has confirmed that New Jersey license number

K44087278806382 was issued to Sung Yul KIM and New Jersey license

number K44087887153612 is issued to Woo J. KIM, KIM's wife. Both

licenses list an address of 1512 Palisade Avenue 3A, Fort Lee, New

Jersey.

Your Affiant Ramey has reviewed canceled checks written

against BB&T account 5151000039, covering a time period from

approximately November 2002 to May 2003. Printed in the upper left

hand corner of each check appears the following:

SUNS ENTERPRISES LTD
PH: 410-796-0030
6325 WASHINGTON BLVD STE L&M
ELKRIDGE, MD 21075-5348.

Subscriber information indicates that telephone number 410-796-0030

is listed to the ORIENTAL SPA, 6325 Washington Boulevard, Suites

L&M, Elkridge, Maryland 21075.

The checks written against the BB&T account 5151000039 show

the following:

(A) There are six checks written to Deer Park and

listing an account number of 0427638713 in the lower left corner of

each check on the line designated as "For." Your Affiant Ramey has

checked with the Deer Park water distributor and was informed that

account number 0427638713 belongs to ORIENTAL SPA, 6325 Washington

9

04- 801 PWG         to      04- 804 PWG

04- 783 PWG

Boulevard, Suites L&M, Elkridge, Maryland.

(B) There are four checks written to Direct TV and listing an account number of 20594904 in the lower left corner of each check on the line designated as "For." Your Affiant Ramey has checked with Direct TV and was informed that records for that account number indicate that it pertains to the ORIENTAL SPA at 6325 Washington Boulevard, Elkridge, Maryland, telephone number (410) 796-0039

(C) On check number 1135, dated December 31, 2002, for the amount of $2,482.88 was written to "Verizon." In the "For" section is handwritten "410 796-0030," which is, as indicated above, listed to the ORIENTAL SPA.

(D) On check number 1189, dated April 24, 2003, for the amount of $102.10 was written to MD Unemployment Insurance Fund. In the "For" section is handwritten "410 796-0039," which is, as indicated above, listed to the ORIENTAL SPA.

Your Affiant Ramey has also reviewed a United States Department of the Treasury check, in the amount of $3,802.86, which was deposited into BB&T account number 5151000039. The pay to the order section of this check lists: SUNS ENTERPRISES LTD, ORIENTAL SPA, 6325 Washington Blvd, Elkridge, MD 21075-5348.

Your Affiant Ramey has also interviewed Investigator Paul Murphy, Maryland Department of Health and Mental Hygiene, who has inspected the premises of the ORIENTAL SPA, 6325 Washington Boulevard, Suites L&M, Elkridge, Maryland 21075. Investigator Murphy has told Your Affiant Ramey that in the performance of his

10

official duties, he has inspected the premises of the ORIENTAL SPA, 6325 Washington Boulevard, Suites L&M, Elkridge, Maryland 21075, approximately ten (10) times since 2001. Investigator Murphy said the design of the ORIENTAL SPA's interior is typical of those found in other massage businesses and he has not observed any other names, business licenses or other items indicating the premise is occupied and/or used by any other business.

Your Affiant Ramey has visited the location of 6325 Washington Boulevard, Elkridge, Maryland 21075, and has observed a large commercial sign bearing the name ORIENTAL SPA above the door reflecting "6325-M."

In addition to the aforementioned checks written on the BB&T account number 5151000039, a number of checks are written as payroll to KIM and his family members.

Based on the aforementioned, Your Affiant's submit that there is probable cause to believe that Sung Yul KIM is using the business name of SUNS ENTERPRISES and the BB&T account 5151000039 as a facilitating account for his illegal business activities of the ORIENTAL SPA.

Furthermore, based on Your Affiants' training and experience we know that Asian massage spas often hide their prostitution activity by conducting it in connection with legitimate massage activities. Generally the cost of the prostitution activity is collected after the cost of the regular massage is paid and is disguised in various ways, but is commonly referred to as a "tip."

The BB&T Bank statements for account number 5151000039 show

numerous and continual deposits for the ORIENTAL SPA. For example, the May 2003 statement shows that twenty of the thirty-two deposits made in that month were credit card payments for the benefit of "ORIENTAL SPA." The April 2003 statement similarly shows that nineteen of the thirty-one deposits were credit card payments for the benefit of the "ORIENTAL SPA." The records also show two deposits for these two months that were apparently counter deposits apparently of cash and checks.

Your affiants also know that the majority of the females providing massages and related prostitution activities are aliens who have been brought into the United States illegally. These females are generally housed at the spas and lack true permanent residences, SSANs or other forms of identification legitimately obtained from a competent authority. To avoid detection, identification, apprehension, and deportation by state, local and federal authorities the alien females are routinely transported to other spas in other locations and states.

Indeed, on July 31, 2003, KIM told Detective Guy Williams that he had recently been to a warehouse in Indonesia that held hundreds of people waiting for documents to travel illegally to the United States. KIM stated that most of the women were brought into the U.S. to engage in prostitution.

Based on our training and experience, your affiants know that 18 U.S.C. section 981(a)(1)(A) provides for forfeiture of the following:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956

or 1957 of this title, or any property traceable to such property.

We also know that 18 U.S.C. section 1956 provides as follows:

> Whoever, knowing that the property involved in a financial transaction, represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity ... knowing that the transaction is designed in whole or in part ... to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity ... [shall be liable for criminal penalties].

18 U.S.C. § 1956(a)(1)(B)(i). We also know that importing aliens for immoral purposes such as prostitution is a violation of 8 U.S.C. section 1328, and that bringing in and harboring certain aliens is a violation of 8 U.S.C. section 1324(a)(1)(A)(iii), and that both of these offenses are "specified unlawful activity" according to 18 U.S.C. section 1956(c)(7)(A) and section 1961(1)(E).

Your affiants submit that the deposit of the proceeds of the prostitution of these imported and harbored aliens in the Branch Banking and Trust account is a "transaction" within the meaning of 18 U.S.C. section 1956(c)(3). Because the deposits involve the use of credit cards and the wiring of funds into the account from the credit card companies, it is also a transaction that affects interstate commerce and involves the "movement of funds by wire or other means" that satisfies the definition of "financial transaction" found in section 1956(c)(4)(A) and (B).

We submit, based on the foregoing, that there is a sufficient basis to find that KIM was engaging and attempting to engage in

04- 801 PWG     04- 804 PWG
                  04- 783 PWG

financial transactions, which involved the proceeds from importing,
harboring, and using illegal aliens in a prostitution business,
knowing that the transactions were designed to conceal or disguise
the nature and source of those proceeds by commingling the
activities and proceeds with massage activities and proceeds.
Because the bank account was "involved in" these violations of 18
U.S.C. section 1956, your affiants submit that there is a
sufficient basis for the Court to issue seizure warrants pursuant
to 18 U.S.C. section 981(a)(1)(A) for the contents of the account.

Based on training and experience, we are aware that the Fourth
Circuit has interpreted forfeiture provisions pertaining to
facilitating property to require "a substantial connection between
the property and the underlying criminal activity." United States
v. 7715 Betsy Bruce Lane, Summerfield, N.C., 906 F.2d 110, 112-13
(4th Cir. 1990). We submit that there is a substantial connection
between the funds obtained through the harboring and use of illegal
aliens in prostitution and the commingled proceeds of legitimate
massage-related activities that were used in the account to conceal
the illegal proceeds. See United States v. Schifferli, 895 F.2d
987, 991 (4th Cir. 1990)(writing illegal prescriptions in a manner
that made them look like the legitimate prescriptions was a
substantial connection to the clinic business). We are also aware
that "[j]ust one use of the property may be enough, given that a
single violation is sufficient under [the applicable forfeiture
statute]." Id. at 990.

We also know that in forfeiture cases, the probable cause

14

04- 801 PWG          *to*     04- 804 PWG
                          04- 783 PWG

standard is the same as that in search and seizure cases, requiring

a court "'to make a practical, common-sense decision whether, given

all the circumstances set forth ... there is a fair probability'

that the properties to be forfeited are proceeds of illegal ...

transactions." <u>United States v. Thomas</u>, 913 F.2d 1111, 1114 (4th

Cir. 1990)(drug case).

**IV**   **Conclusion**

Based on the foregoing, we submit that there is probable cause

to believe that the following property was involved in violations

of 18 U.S.C. section 1956, and therefore, should be forfeited to

the United States of America pursuant to 18 U.S.C. section

981(a)(1)(A):

> **All of the funds and property in Branch Banking and Trust
> Company (BB&T), 7290 Montgomery Road, Elkridge, Maryland
> 21075, account number 5151000039 in the name of SUNS
> ENTERPRISES LIMITED.**

William H. Ramey
Senior Special Agent
Department of Homeland Security
Immigration and Customs Enforcement

Shelley W. Clemens
Maryland State Police Sergeant and
Task Force Officer
Department of Homeland Security
Immigration and Customs Enforcement

Subscribed and sworn before me on February 25, 2004, in

Baltimore, Maryland.

Paul W. Grimm
United States Magistrate Judge

15

# **MEMORANDUM**

DATE: July 15, 2004

TO:    Tracy Roy
       Department of Homeland Security

FROM: LaTonia Kelly
      Paralegal Specialist
      District of Maryland

RE:  **U.S. v.** ALL OF THE FUNDS AND PROPERTY IN THREE ACCUNTS AT
BB&T AND PNC BANK (SUNG YUL KIM)
       **Civil Action No.** _____

═══════════════════════════════════════════════════

     The United States has filed a forfeiture action against ALL
OF THE FUNDS AND PROPERTY IN THREE ACCUNTS AT BB&T AND PNC BANK
(SUNG YUL KIM).  A copy of the Complaint for Forfeiture is
attached.

     Also attached is a Notice of Seizure for publication in The
Baltimore Sun or a newspaper of general circulation in Howard
County and Palisades Park, New Jersey, where the property was
seized, pursuant to Supplemental Rule C(4) for Certain Admiralty
and Maritime Claims.  This property was seized on or about
November 20, 2003.

     Please insert the date of the Department of Homeland
Security's arrest in the Notice and advise me of the date(s) of
publication.

     Thank you.


Attachment

## NOTICE OF SEIZURE

NOTICE IS HEREBY GIVEN that by virtue of Warrant for Arrest in Rem, issued by the U.S. District Court for the District of Maryland, in an action entitled **United States of America v.ALL OF THE FUNDS AND PROPERTY IN THREE ACCUNTS AT BB&T AND PNC BANK (SUNG YUL KIM)**, United States Department of Homeland Security the District of Maryland, arrested on _____, 2004, said property described under **Civil Docket No.** _____ and filed with the Clerk of the Court for the District of Maryland for violation of 18 U.S.C. §§ 1956, and 1957, and which action request that the said property be seized for condemnation and confiscation and requests such costs and disbursements as decreed by the Court. Any person who is entitled to possession, or claiming an interest in or to said property, pursuant to Supplemental Rule C(6) of the Certain Admiralty and Maritime Rules, Federal Rules of Civil Procedure, and within 30 days after publication must file a claim with the Clerk of the Court, U.S. District Court for the District of Maryland and make service upon the attorney for the plaintiff, and must serve their answers within 20 days after the filing of their claims.  All interested persons should file claims and answers within the time so fixed, or be defaulted and said property be condemned and forfeited to the use of the United States of America.  Richard C. Kay, Assistant United States Attorney, U.S. Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201, attorney for plaintiff.

## Department of the Treasury
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT All Funds in Three Accts at BB&T and PNC, et. al | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual,Company,Corporation,Etc. to Serve or Description of Property to Seize |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE  copy to Requester:<br><br>LaTonia Kelly, Paralegal Specialist<br>U.S. Attorney's Office<br>6625 U.S. Courthouse<br>101 W. Lombard Street<br>Baltimore, Maryland  21201 | Number Of Process To Be<br>Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be<br>Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property and insert date into Notice of Forfeiture Action that will be published.  Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of  [ X ]Plaintiff<br>[   ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Jul 15, 2004 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total #<br>of Process Indicated. | District of Origin<br>No. _____ | District to Serve<br>No. _____ | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [   ] PERSONALLY SERVED, [   ] HAVE LEGAL EVIDENCE OF SERVICE, [   ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[   ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [   ]  A Person of suitable age and discretion then residing in the<br>defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of  Service | Time of  Service | [   ] AM<br>[   ] PM |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)

*Make (5) copies after form is signed.  SEND ORIGINAL + 4 COPIES  to TREASURY AGENCY.  Retain Copy #5 for your file.*